IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIONEL BEARD, #11819-040, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00047-JPG |
| | ) | |
| USA, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM & ORDER

**GILBERT, District Judge:**

Lionel Beard, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Plaintiff claims that he was denied adequate medical care for his chronic liver disease at FCI-Greenville. (Doc. 1, pp. 1-22). He seeks money damages against the United States.[1] (*Id*. at p. 1).

The Complaint is now before the Court for review 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.

---

[1] In the opening paragraph of the Complaint, Plaintiff mentions a "possible" request for injunctive relief in the form of a liver transplant. However, he does not include a formal request for this relief anywhere else in the Complaint or in a separate motion seeking interim relief. He does not indicate that a liver transplant has been recommended by a medical professional or is warranted at this time. Should Plaintiff require a transplant that has been denied by the BOP, Plaintiff may file a separate motion seeking this relief pursuant to FED. R. CIV. P. 65(a) or (b) at any time during the pending action.

28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff sets forth the following allegations in the Complaint:  Plaintiff was diagnosed with Hepatitis C on or around 2015.  (*See* Doc. 1, pp. 1-22).  His diagnosis was confirmed during three separate "chronic care follow-up" appointments at Federal Correctional Institutions in Milan, Michigan (FCI-Milan), Marion, Illinois (USP-Marion), and Greenville, Illinois (FCI-Greenville).  (*Id*. at p. 3).  Despite his diagnosis, medical staff did not initiate treatment for the condition until September 26, 2018.  (*Id*.).  This single course of treatment ended on January 28, 2019.  (*Id*.).  Plaintiff requested treatment for his chronic liver condition on a monthly basis and voiced concerns about liver damage.  (*Id*.).  However, his complaints fell on deaf ears.  (*Id*.).

Plaintiff was eventually diagnosed with cirrhosis and liver fibrosis when he was sent to Saint Louis University Hospital for a colectomy on February 26, 2018.  (*Id*. at pp. 3-7).  He did not learn of this diagnosis until several months later after repeatedly requesting the results of his bloodwork from medical staff at FCI-Greenville.  (*Id*.).  Plaintiff now brings an FTCA claim against the United States for the negligence and/or deliberate indifference of medical staff at FCI-Greenville.  (*Id*.).

Based on the allegations, the Court designates two (2) counts at issue in this *pro se* action:

**Count 1:** The United States, by and through the negligence of medical staff at FCI-Greenville, are liable under the FTCA for failing to adequately treat Plaintiff's Hepatitis C, liver cirrhosis, and liver fibrosis.

**Count 2:** The United States is responsible for violations of Plaintiff's Eighth Amendment rights pursuant to *Bivens* based on the denial of adequate medical care for his Hepatitis C, liver cirrhosis, and liver fibrosis while in BOP custody.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion as to the merits of each claim.

**Discussion**

**Count 1**

The FTCA allows federal inmates to bring a suit for injuries they sustain in custody as a result of the negligence of prison officials. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The FTCA's jurisdictional grant covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (citations omitted). Plaintiff's claim arises from conduct that occurred in Illinois, so the Court applies Illinois state law to the claim in Count 1.

Illinois law requires a Plaintiff pursuing a claim of medical negligence to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the claim, along with a physician's report in support of the affidavit. *See* 735 ILCS § 5/2-622. This requirement applies to malpractice litigation in federal court because § 5/2-622 is a substantive condition of liability. *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). Plaintiff has not provided the necessary documentation in support of his claim, but the Seventh Circuit Court of Appeals recently clarified that a plaintiff has until summary judgment to produce this documentation. *See Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). (holding that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622."). Accordingly, Count 1 survives screening against the United States. In order to survive summary judgment, however, Plaintiff must produce the affidavit and report described in 735 ILCS § 5/2-622.

## Count 2

The Eighth Amendment claim brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) does not survive screening. *Bivens*, like 42 U.S.C. § 1983, "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Plaintiff named no individual federal agent as a defendant, and the United States is not a proper defendant in a *Bivens* action. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (holding that "[a] *Bivens* action may not be brought against the United States or a federal agency"). "[T]he point of *Bivens* [i]s to establish an action against the *employee* to avoid the sovereign immunity that would block an action against the United States." *See Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996) (emphasis added). Count 2 shall be dismissed with prejudice against the United States but without prejudice against any federal agent who denied Plaintiff medical care for his chronic liver condition.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **UNITED STATES OF AMERICA**. **COUNT 2** is **DISMISSED** with prejudice against Defendant **UNITED STATES OF AMERICA** but without prejudice against any federal agent who denied Plaintiff medical care for his chronic liver condition.

**IT IS ORDERED** that, as to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES**; the Clerk shall issue the completed summons. All costs of service shall be advanced by the United

States, and the Clerk shall provide necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall: (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

**IT IS ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if a Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate

stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 7, 2020**

                                                           **s/J. Phil Gilbert**
                                                           **J. PHIL GILBERT**
                                                           **United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.