UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL BEARD,

        Plaintiff,

   v.

UNITED STATES OF AMERICA,

        Defendants.

Case No. 20-cv-47-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of the defendant United States of America for summary judgment in this case brought by plaintiff Lionel Beard under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680 (Doc. 17). Beard has responded to the motion (Docs. 19 & 20), and the United States has replied to that response (Doc. 22).

**I.**    **Background**

Beard, a federal inmate at the Federal Correctional Center at Greenville, Illinois ("FCI-Greenville") at all relevant times, filed this lawsuit in January 2020. He claims that he was denied adequate medical care for his chronic liver disease at FCI-Greenville. Beard has had Hepatitis C since at least 2015. In February 2018, he was sent to St. Louis University Hospital for a colectomy and was diagnosed with cirrhosis and liver fibrosis. FCI-Greenville staff did not inform him of this diagnoses until several months later. He began treatment in September 2018 and finished the regimen in January 2019. No further treatment was given. Beard is now suing the United States under the FTCA for the negligence of FCI-Greenville's medical staff in failing to adequately treat his Hepatitis C, liver cirrhosis, and liver fibrosis.[1]

---

[1] Beard also sued the United States under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for Eighth Amendment deliberate indifference to his serious medical need, but the Court dismissed that claim on threshold review, *see* 28 U.S.C. § 1915A, without prejudice to asserting

The United States asks the Court to dismiss Beard's FTCA claim on two grounds:  (1) he failed to exhaust his administrative remedies as required by the FTCA, and (2) he failed to submit the affidavit and physician's report required by the Illinois Healing Art Malpractice Act, 735 ILCS 5/2-622(a).

**II.    Analysis**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

In ruling on the pending summary judgment motion, the Court addresses the exhaustion issue first, as it must.  *See Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) (FTCA exhaustion required by 28 U.S.C. § 2675(a)); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999) (Prison Litigation Reform Act exhaustion requirement under 42 U.S.C. § 1997e(a)).  "Application of a law designed to prevent decision on the merits cannot be avoided by making the very decision whose propriety is contested, then declaring the decision-avoidance statute 'moot.'"  *Perez*, 182 F.3d at 534.  Then, if necessary, it will turn to the physician's certificate requirement.

   A.    Exhaustion of Administrative Remedies

The FTCA itself provides that claims for monetary relief against the United States are prohibited unless administrative remedies are exhausted first.  *See* 28 U.S.C. § 2675(a) .  "To

---

such a claim against individual federal employees (Doc. 7).  Beard never properly tendered a proposed amended pleading adding *Bivens* claims against individuals.

exhaust administrative remedies, the plaintiff must 'have first presented the claim to the appropriate Federal agency,' . . . so that the agency has an opportunity to meaningfully consider and address the claim prior to suit." *Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019) (quoting 28 U.S.C. § 2675(a)). Presentation of a claim occurs "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *Chronis*, 932 F.3d at 546. Proper presentation of a claim requires that the claim contain: "(1) notification of the incident; (2) demand for a sum certain; (3) title or capacity of the person signing; and (4) evidence of the person's authority to represent the claimant." *Id.* at 547. Failure to exhaust administrative remedies prior to bringing an FTCA suit mandates dismissal in favor of the United States, since exhaustion is a prerequisite to suit. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012).

To exhaust administrative remedies for an FTCA claim, a federal prisoner must follow the formal administrative tort remedy process established by the Bureau of Prisons ("BOP"). *See* 28 C.F.R. § 543.30 *et seq.* ("Part 543"). That process begins with filing an administrative claim with the BOP within two years of the acts giving rise to the claim. 28 U.S.C. § 2401(b); Federal Tort Claims Act Program Statement ("Prog. Stmt.") 1320.06 § 7a (2003). An inmate must complete and mail or delivery the appropriate claim form to the BOP Regional Office of the region where the claim occurred. 28 C.F.R. § 543.31(c). An administrative tort claim is not to be filed at the inmate's institution of incarceration. Prog. Stmt. 1320.06 § 7c.

The inmate may filed his claim on the "Claim for Damage, Injury, or Death and Instructions," also known as the SF-95, or any other document that provides the following information:

- date of incident,

- place where the incident occurred,
- explanation of events,
- witnesses,
- description of injury or property loss,
- sum certain claimed,
- date of claim, and
- claimant's signature.

Prog. Stmt. 1320.06 § 7b.

After investigation, the BOP's Regional Counsel will issue a decision. 28 C.F.R. § 543.32(c)-(d); Prog. Stmt. 1320.06 § 8c-8d. If the inmate is not happy with the outcome at the regional office level, he may request reconsideration by the BOP. 28 C.F.R. § 543.32(g); Prog. Stmt. 1320.06 § 8g. The BOP's decision is considered the final agency action. If the inmate is dissatisfied with that decision, he may file an FTCA lawsuit in the district court. 28 C.F.R. § 543.32(g); Prog. Stmt. 1320.06 § 8g. If the inmate does not receive a response within six months, the claim is deemed denied, and the inmate may proceed to file a lawsuit without pursuing further administrative action. 28 C.F.R. § 543.32(i); Prog. Stmt. 1320.06 § 8i (2003). The Court will refer to this administrative tort claim exhaustion process as "Part 543 exhaustion."

The administrative remedy process required for non-FTCA inmate claims is different. *See* 28 C.F.R. § 543.30 (stating that the process for exhaustion of administrative *tort claims* is set forth in Part 543, not Part 542); 28 C.F.R. § 542.10(c) (noting separate statutorily mandated procedures in C.F.R. Part 543 for administrative exhaustion of tort claims); Administrative Remedy Program Prog. Stmt. 1330.18 § 1c (2014) (same). Exhaustion of remedies for non-FTCA claims typically begins with an informal attempt to resolve a concern with institutional staff (using Form BP-8), progresses to a formal written request for an administrative remedy from the Warden (using Form BP-9), an appeal to a BOP Regional Director (using Form BP-10), and then a final appeal to the BOP General Counsel (using Form BP-11). 28 C.F.R. §§ 542.13-.15. The Court will refer to this exhaustion process as "Part 542 exhaustion." Part 542 exhaustion of the administrative remedy

4

procedure is not sufficient to exhaust the remedies for an FTCA claim, which must be accomplished through Part 543 exhaustion.

The United States concedes that Beard requested an administrative remedy (No. 980539) using the process set forth in 28 C.F.R. § 542.10 *et seq.*—Part 542 exhaustion—to request treatment for cirrhosis and liver fibrosis (Doc. 17-2 at 11-12). It further acknowledges that he pursued his administrative remedy with respect to that request for medical treatment through the appeal to the BOP General Counsel (Doc. 17-2 at 1-10), although it does not concede that this constitutes exhaustion of remedies under Part 542. However, Beard has never filed an administrative tort remedy as described in Part 543.

Beard responds that it is enough that he has exhausted the procedures set forth in Part 542. He states that the remedies set forth in Part 543 are normally for inmates to recover money damages from lost property, not personal injury. He further suggests he is free to file any suit if he receives no response within six months.

The Court must dismiss Beard's FTCA claim for failure to exhaust the administrative tort remedies set forth in Part 543. As noted above, a properly filed tort claim must contain, among other things, notification of the incident—including an explanation of the events, the witnesses, and a description of the injury—and a demand for a sum certain. *Chronis*, 932 F.3d at 547. Beard's BP-9 did not contain any of these things. He made no allegation of negligence by any medical personnel and instead simply asked for treatment. Nor did it request a sum certain in money damages. Additionally, although his administrative remedy eventually made its way to a BOP Regional Office as part of the administrative remedy appeals process, Beard did not submit his claim to the Regional Office in a way that made it recognizable as an administrative tort claim. Therefore, Beard's request did not qualify as a properly filed administrative tort claim..

Because of Beard's failure to comply with the requirements of Part 543 exhaustion, the BOP

was never able to investigate a claim of negligence by any BOP employee or render an administrative decision on a tort claim. Accordingly, the Court must dismiss Beard's FTCA claim for failure to exhaust administrative remedies.

### B. Affidavit and Physician's Report

Because the Court dismisses this case for failure to exhaust administrative remedies, it need not—and should not—address the United States' contentions that Beard has not provided the proper evidentiary support as required by Illinois Healing Art Malpractice Act, 735 ILCS 5/2-622(a).

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the motion for summary judgment filed by the United States (Doc. 17);

- **DISMISSES** Count I **without prejudice** for failure to exhaust administrative remedies under the FTCA; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Court notes that 28 U.S.C. § 2401(b) requires an administrative tort claim to be filed within two years of the alleged wrongful conduct, and two years have not yet passed since Beard first attempted to resolve his medical treatment concerns informally. Therefore, he may still be able to file an administrative tort claim and complete Part 543 exhaustion, but he should do so expeditiously.

**IT IS SO ORDERED.**
**DATED: March 2, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**