UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL BEARD,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

Case No. 20-cv-47-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Lionel Beard for reconsideration (Doc. 31) of the Court's March 2, 2021, judgment and order (Docs. 29 & 30) granting defendant United States of America's motion for summary judgment on Beard's claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680 (Doc. 17). The United States has responded to the motion for reconsideration (Doc. 32).

The Court considers Beard's motion to request altering or amending the judgment under Federal Rule of Civil Procedure 59(e). He placed his motion in the prison mail for mailing on March 21, 2021, so that is considered to be the date he filed it under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). And because it was filed within 28 days of entry of judgment, the Court considers it to be filed under Rule 59(e). *See Carter v. City of Alton*, 922 F.3d 824, 826 n. 1 (7th Cir. 2019) (Rule 59(e) governs motions to reconsider filed within 28 days of entry of judgment).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705,

709 (7th Cir. 2020).  A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709.  The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted).  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

  Beard, a federal inmate at the Federal Correctional Center at Greenville, Illinois ("FCI-Greenville") at all relevant times, filed this lawsuit in January 2020.  He claimed that he was denied adequate medical care for his chronic liver disease at FCI-Greenville.  In the challenged order, the Court granted summary judgment for the United States on Beard's FTCA claim and dismissed it without prejudice because he failed to exhaust his administrative remedies as required by the FTCA in the manner specified by the Bureau of Prisons ("BOP").  Specifically, the Court found that, although Beard took steps in the administrative remedy process *for non-tort claims*, he failed to follow the administrative tort remedy process set forth in 28 C.F.R. § 543.30 *et seq. for tort claims*.  Additionally, to the extent that he may have simply used the incorrect form, the Court noted the content of his grievance did not satisfy the requirements for an administrative tort remedy, *see Chronis v. United States*, 932 F.3d 544, 547 (7th Cir. 2019); 28

C.F.R. § 14.2(a); BOP Federal Tort Claims Act Program Statement ("Prog. Stmt.") 1320.06 § 7b, and Beard did not send it to the right place—the appropriate BOP Regional Office, *see* 28 C.F.R. § 543.31(c); Prog. Stmt. 1320.06 § 7c.  Because it resolved the case on exhaustion grounds, the Court declined to address Beard's compliance with the certificate of merit requirement of the Illinois Healing Art Malpractice Act, 735 ILCS 5/2-622(a).

Beard now asks the Court to reconsider its decision.  He correctly notes that a tort claim need not be filed on a Form SF-95.  He further attaches a signed SF-95 along with several pages of his original complaint, an updated declaration he originally submitted in June 2020 pertaining to the need for a certificate of merit under § 2-622(a), and several pages of his medical records.

In response, the Government urges the Court to stand by its order of dismissal.  It states that, since Beard filed his motion to reconsider, the Government has conducted an additional computer search to confirm that the BOP's database reflected no administrative tort claims from Beard regarding this or any other matter.  A further manual search of recently received administrative tort claims that had not yet been entered into the computer database revealed that the Regional Office received an administrative tort claim from Beard on March 26, 2021.  That claim consisted of the first page of the SF-95 attached to Beard's motion to reconsider but nothing more.

The Court declines to alter or amend its prior order and judgment.  Beard has not presented any newly discovered evidence, pointed to any change in the controlling law, or asserted any manifest error by the Court that would justify reconsideration.  In its original order, the Court recognized that an administrative tort claim was not required to be on an SF-95 so long as it contained certain pieces of information, which Beard's did not.  In fact, Beard does not dispute that he failed to file a sufficient administrative tort claim prior to filing this lawsuit in

January 2020 but instead submits an SF-95 form now.  However, because Beard needed to exhaust his remedies *before filing* an FTCA lawsuit, *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012), it is too late for him to revive *this* case by filing an administrative tort claim now.  If the BOP considers his recently received SF-95 as a properly filed administrative tort claim, he may be able to file a new lawsuit once he exhausts his administrative tort remedies for that claim.

For the foregoing reasons, the Court **DENIES** Beard's motion for reconsideration (Doc. 31).

**IT IS SO ORDERED.**
**DATED:  May 26, 2021**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**